UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JTH TAX, LLC,

        Plaintiff,

    v.

YASMEEN SHAHZAD,
PRIME TAX SOLUTIONS, INC.
and DRAKE TAX SERVICE,

        Defendants.

Case No. 22-cv-1039-pp

---

**ORDER REQUIRING PARTIES TO SUBMIT JOINT REPORT IN PREPARATION FOR A POSSIBLE EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 2)**

---

Plaintiff, JTH Tax, LLC, d/b/a Liberty Tax Service, has sued defendants Yasmeen Shahzad, Prime Tax Solutions, Inc. and Drake Tax Service, alleging that the defendants have violated various obligations under a franchise agreement and have misappropriated the plaintiff's trade secrets. Dkt. No. 1. The plaintiff also has filed a motion for a temporary restraining order and a preliminary injunction.[1] Dkt. No. 2. The plaintiffs seeks immediate relief:

> A. An immediate injunction enjoining Defendants Shahzad and Prime Tax from offering tax preparation services and soliciting Liberty's customers within twenty-five (25) miles of the boundaries of Shahzad and Prime Tax's former Liberty franchise territory for two years following the entry of any injunction, including at 9134 West Silver Spring Dr., Milwaukee, Wisconsin 52335 and 8210(B) W. Capitol Dr., Milwaukee, Wisconsin 5322.

---

[1] The plaintiff filed this motion in September 2022; the motion has been fully briefed since November 10, 2022.

1

> B. An immediate injunction ordering Defendants to cease use of Liberty's Confidential Information and Trade Secrets, and to return all Confidential Information of Liberty's that is in their possession or control, including Liberty's confidential Operations Manual and to transfer the telephone number associated with the former Liberty franchise, (414) 249-4016.
>
> C. Enjoining Shahzad's and Prime Tax's facilitation of and/or participation in the operation of a competing franchise Drake Tax.
>
> D. Enjoining Drake Tax from tortiously interfering with the Franchise Agreement and Liberty's former customers.

Dkt. No. 2 at 1-2.

Based on the information in the pleadings, it appears to the court that an evidentiary hearing is required. But the parties have failed to address several issues that are critical to resolution of the motion; in part, the purpose of this order is to advise the parties of issues they should be prepared to address at the hearing. The court also will order the parties to meet and confer and advise the court as to how many witnesses they will call and how long they expect the hearing to take. Once the court receives that information, it will schedule the hearing.

## I. Need for an Evidentiary Hearing

"An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction." Promatek Indus., Ltd. v. Equitrac Corp., 300 F.3d 808, 814 (7th Cir. 2002) (citing Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1171 (7th Cir. 1997)). The defendants' response to the motion establishes that an evidentiary hearing is required because the defendants have raised genuine issues of material fact.

2

For example, while the plaintiff argues that the defendants have violated the Defend Trade Secrets Act "by failing to return Liberty's Confidential Information and Trade Secrets, including the Operations Manual" and "us[ing] these protected Trade Secrets to secure a pecuniary benefit for their new competing business," dkt. no. 3 at 20 (citing Dkt. No. 3-1 at ¶¶91-97), the defendants contend that they have not misappropriated any trade secrets because they have been locked out of the plaintiff's electronic system and its operations manual since October 21, 2021, dkt. no. 14 at 7 (citing Dkt. No. 14-1 at ¶¶12, 30 and Dkt. No. 14-2 at ¶¶3-4). The defendants also argue that Prime Tax delivered these materials to its counsel, who in turn, contacted the plaintiff's counsel on October 24, 2022 and asked how to return those items. Dkt No. 14 at 5 (citing Dkt. No. 14-4). The plaintiff's pleadings do not address whether the plaintiff now is in possession of all its purported trade secrets and confidential information. The court must hold an evidentiary hearing to resolve these factual issues.

Pertinent to the plaintiff's claims, however, is the question of which state's law governs the plaintiff's contract claims and tort claims. The plaintiff argues that Virginia law governs its contract claims, relying on the choice-of-law provision in the franchise agreement. Dkt. No. 3 at 5 n.3. The defendants do not explicitly dispute the application of Virginia law, but they imply that Wisconsin law applies by raising Wis. Stat. §135.03 as a defense. Dkt. No. 14 at 7-8. The plaintiff addresses Wis. Stat. §135.03 in its reply brief without addressing its earlier assertion that the contract requires application of

3

Virginia law. Dkt. No. 20 at 6. As to the tortious interference claim, the plaintiff cites Virginia case law but does not explain why Virginia law should apply. Dkt. No. 3 at 21-22. (The fact that a choice-of-law provision in a contract provides that issues regarding contractual interpretation and enforcement are governed by a particular state's law does not necessarily mean that the same state's law governs *tort* claims.) The defendants' response does not address the plaintiff's assumption that Virginia law governs the tort claims. The court cannot determine whether the parties disagree about which state's law applies to these claims, or if they agree, which state's law they agree should govern or why.

At the evidentiary hearing, the parties must be prepared to address the following issues:

- Whether the defendants dispute that Virginia law governs the contract claims;

- Which state's law governs the tort claims;

- Whether the plaintiff agrees that it locked the defendants out of the "system" on October 21, 2021;

- What items the plaintiff maintains constitute "confidential information" and "trade secrets" under the DTSA and whether the defendants have continued to have access to that "information" and those "secrets" after October 21, 2021;

- Whether the plaintiff now is in possession of all purported trade secrets and confidential information the defendants previously possessed; and

- What is the "irreparable harm" that the plaintiff believes is being caused that cannot be remedied by a monetary judgment.

4

**II. Conclusion**

The court **ORDERS** that the parties must meet and confer and file a joint report informing the court as to how many witnesses each party will call, whether any of the witnesses will be called by both parties (in other words, how many *total* witnesses must the court expect), how long they expect the hearing to take (*i.e.*, hours of court time) and whether there are any periods where counsel or key witnesses will be unavailable (vacations, medical obligations, etc.). The court **ORDERS** that the parties must file the joint report by the end of the day on **February 6, 2023**.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**